IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

ROBERT M. RILEY, JR.,                )
                                     )
            Plaintiff,               )
                                     )
v.                                   )    Case No. CIV-09-155-KEW
                                     )
UNION PACIFIC RAILROAD COMPANY,      )
                                     )
            Defendant.               )

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion for Summary Judgment filed March 15, 2010 (Docket Entry #34). Defendant filed a timely response and Plaintiff replied for this Court's consideration. After review of the filings of the parties, this Court renders this ruling.

On August 12, 2007, Plaintiff was employed by Defendant as a locomotive engineer. The locomotive, identified as UP 9536, was located at the Whitman siding at mile post 517 and had been inspected. Plaintiff was to release the handbrakes, start the unit, perform his inspection, and drive the train. After Plaintiff released the handbrake on the locomotive, but before he could turn on the unit, Plaintiff stepped on a rusted metal plate in the floor of the passageway/walkway of the locomotive. The metal plate gave out, catching his foot, and causing him to fall. When Plaintiff fell, he tried to catch himself on the cab door but fell against it. The rusted metal plate was the lid to the battery box.

The locomotive was blocked off, "bad ordered," and sent for

repairs as a result of the hole in the battery box lid. The condition of the battery box lid was a defect and safety hazard.

On the day of the accident, Plaintiff was taken to Muskogee Regional Medical in Muskogee, Oklahoma. The medical records from that day indicate Plaintiff's "Chief Complaint/Onset" was "L shoulder pain - pulled shoulder when tried to catch self from falling - hit head." X-rays of his shoulder were taken, but the impression of the radiologist was "[r]adiographically, no abnormalities are noted."

On August 13, 2007, Plaintiff reported to the Labette County Medical Center, complaining of left shoulder pain. The records also indicate Plaintiff had a "L shoulder injury about 1 yr. ago - MVA."

On August 29, 2007, Plaintiff again went to the Labette County Medical Center, with an admitting diagnosis of "pulled back out" while "getting out of my truck." Plaintiff was diagnosed with a lumbar/sacral sprain/strain causing low back pain.

Plaintiff has offered the deposition and affidavit of Dr. William O. Hopkins. Dr. Hopkins states that Plaintiff's injury to his neck, low back, left shoulder were caused or contributed to be caused by the August 12, 2007 fall.

Plaintiff was also treated by Dr. Brian J. Ipsen. In a November 4, 2009 note after a visit by Plaintiff, Dr. Ipsen indicated that Plaintiff's back was structurally able to handle

2

Plaintiff's return to work as an engineer. He also noted "new ongoing complaints that may or may not be referable to the accident that occurred, clearly at this point are occurring years later and are new complaints, and at some point all of his ongoing complaints cannot be blamed on an event that occurred several years ago and he either needs to find a new occupation or get back to the one that he is doing." Dr. Ipsen testified that

> Based upon [Plaintiff's] description of the accident, the MRI that followed and his initial physical exam, all of those things correlate with that likely causing his disc herniations as viewed on his MRI scan and the subsequent treatment that followed.

Through his Motion, Plaintiff contends that he should prevail on summary judgment on the essential elements of his claim under the Locomotive Inspection Act, leaving only the issue of damages for the juries determination. Defendant counters that conflicting evidence as to whether the accident caused the full extent of Plaintiff's claimed injuries precludes summary judgment.

Under Federal Rule of Civil Procedure 56(c), summary judgment shall be granted if the record shows that, "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party has the burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553-54, 91 L.Ed.2d 265 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party

3

for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510-11, 91 L.Ed.2d 202 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983).

Plaintiff has abandoned any claim under the Federal Employer's Liability Act ("FELA"), except to the extent that an assertion of FELA is necessary to pursue the sole claim remaining in this case brought under the Locomotive Inspection Act ("LIA"). The LIA imposes an "absolute duty" on railroad carriers to ensure that their locomotives are both properly maintained and safe to operate. Matson v. Burlington Northern Santa Fe R.R., 240 F.3d 1233, 1235 (10th Cir. 2001). To that end, the statute provides:

> A railroad carrier may use or allow to be used a locomotive or tender on its railroad line only when the locomotive or tender and its parts and appurtenances –
>
> (1) are in proper condition and safe to operate without unnecessary danger of personal injury;
>
> (2) have been inspected as required under this chapter and regulations prescribed by the Secretary of Transportation under this chapter; and

(3) can withstand every test prescribed by the Secretary under this chapter.

49 U.S.C. § 20701.

In order to prevail on his claim brought under the LIA, Plaintiff must prove that he suffered injuries as a result of a violation of the LIA. Mosco v. Baltimore & Ohio R.R., 817 F.2d 1088, 1090 (4th Cir. 1987)(brought under the predecessor of the LIA, the Boiler Inspection Act)(citations omitted). Plaintiff contends Defendant violated the LIA by violating the regulation at 49 C.F.R. § 229.119(c), which provides that "floors of cabs, passageways, and compartments shall be kept free from oil, water, waste or any obstruction that creates a slipping, tripping or fire hazard." Plaintiff has demonstrated a violation of the LIA, thereby satisfying the first requirement of an LIA claim.

Plaintiff also must show the locomotive was "in use" and Plaintiff was on duty at the time of the violation. Defendant has not contested that Plaintiff has made both showings in this case.

The final requirement of the claim is proof that the injuries Plaintiff sustained was caused by the violation of the LIA and its associated regulations. On this point, conflicting evidence precludes summary judgment in Plaintiff's favor. Dr. Ipsen's deposition and reports could be subject to multiple interpretations by the trier of fact. Further, the timing of various injuries sustained by Plaintiff, both pre- and post-accident contribute to the ambiguity of the evidence pertaining to causation. As a

5

result, summary judgment on all of the essential elements of Plaintiff's LIA claim will not be granted at this time.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Summary Judgment filed March 15, 2010 (Docket Entry #34) is hereby **DENIED**.

IT IS SO ORDERED this 12th day of May, 2010.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE