# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

ROBERT M. RILEY, JR., )
)
       Plaintiff, )
)
v. ) Case No. CIV-09-155-KEW
)
UNION PACIFIC RAILROAD )
COMPANY, a corporation, )
)
       Defendant. )

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motions in Limine filed April 19, 2010 (Docket Entry #54). Defendant has responded to the Motions. Upon review of the arguments of the parties, this Court renders the following evidentiary rulings and the parties shall conform their presentation of evidence and argument to the jury in accordance with these rulings:

1) When and why Plaintiff hired and consulted with an attorney -

Plaintiff seeks to preclude Defendant from inquiring about when and why he sought legal counsel. Plaintiff asserts such information is subject to the attorney/client privilege. Defendant contends it should be permitted to make such inquiry due to the delay between Plaintiff's accident and his claim of a back injury, apparently suggesting that an attorney may have prompted him to make such a claim. This Court agrees with Defendant that the attorney/client privilege does not protect the fact of the hiring of an attorney or even the date he was retained. It is possible

that the reason for the retention could touch upon privileged communications. Therefore, at this pretrial stage of the litigation, this Court will not preclude the inquiry into the date of retention. Defendant, however, is forewarned that the mere suggestion or speculation that an attorney prompted the claimed injury is insufficient for it to make inquiry into this area. Before inquiring, Defendant will be required to make a showing of additional evidence which suggests such temporal congruity.

2) The amount of compensation Plaintiff has requested in his Complaint or that he is asking for more financial damages than he expects to receive –

This area of inquiry is somewhat muted by the fact that the Complaint and all of the pleadings have been subsumed into the Pretrial Order entered in this case. The level of damages sought by Plaintiff in the original Complaint is now irrelevant. This Court is not certain of the precise nature of the limitation sought by Defendant. A blanket prohibition upon Defendant to refrain from telling the jury Plaintiff is seeking "millions of dollars" is not appropriate if it is true. Defendant shall refrain from making comments or statements to the jury that are not supported by the evidence.

3) Railroad retirement taxes –

Plaintiff seeks to exclude any evidence of railroad retirement taxes, more commonly known as Tier I and Tier II taxes, as he

2

contends such taxes should not be deducted from any award made by the jury. Defendant relies on the case of Norfolk & Western Railway Co. v. Liepelt, 444 U.S. 490, 100 S.Ct. 755, 62 L.Ed.2d 689 (1980) to support its position for the deduction of these taxes. In Liepelt, the United States Supreme Court determined that it was proper to estimate the future earnings of a party on an after-tax basis, and permit the introduction of evidence of the effect of income taxes upon a future damage award. Id. at 493-95. However, the case does not address the Tier I and Tier II taxes which form the basis for Plaintiff's Motion. Rather, the court in the case of Norfolk and Western Railway Co. v. Chittum, 468 S.E.2d 877, 251 Va. 408 *cert. denied* 117 S.Ct. 597, 136 L.Ed.2d 524 (1996) found that retirement taxes such as the Tier I and Tier II taxes in this case are not the equivalent of income taxes and, therefore, should not be deducted from gross income in calculating net income for damage evidence presentation. In denying certiorari on the case, this Court must presume that the United States Supreme Court did not find that this position did violence to the Liepelt opinion. Accordingly, this Court finds no compelling reason for evidence of the level of railroad retirement taxes to be introduced into evidence at trial.

4) Personnel & medical information regarding Plaintiff -

Plaintiff next seeks to exclude evidence contained in Plaintiff's personnel and medical file which is not concerned with

3

the events or injuries claimed in the subject accident, claiming such evidence represents "collateral improper character evidence" under Fed. R. Evid. 404(b). At first blush, it is difficult to rule on this issue in a vacuum, without the benefit of the specific records to which Plaintiff refers. It is apparent that the cause of specific claimed injuries is at the heart of this litigation and Defendant's contentions, including prior accidents and injuries which correlate with the injuries subsequently claimed in this case. This Court will not rule upon this issue until specific issues or evidence raised by the attempted introduction of records from the referenced files occurs at trial. Any true character evidence will be subject to Rule 404(b) and its exceptions and limitations.

5) Availability of retirement benefits at age 60 –

Plaintiff requests that evidence that he may be eligible for retirement benefits at age 60 paid by the Railroad Retirement Board represent a collateral source which should not be referenced at trial. Defendant counters that it should be able to introduce evidence of the age Plaintiff is eligible to retire even if it cannot introduce evidence of the benefits. The prevailing case authority appears to find such benefits to represent a collateral source, albeit not a classic example. The reasoning being that Plaintiff would be entitled to such benefits even if he had not been injured. <u>Norfolk Southern Railway Corp. v. Tiller</u>, 944 A.2d

1272, 1283-84 (Md. Ct. App. 2008). The real issue is Plaintiff's anticipated retirement date not the date he is eligible to retire. Id. at 1286. As such is the case, Defendant will not be permitted to introduce evidence of Plaintiff's age of eligibility for retirement or the benefits he may receive upon retirement.

6) Americans with Disabilities Act -

Plaintiff seeks to exclude any reference to the ADA from trial. The ADA has no bearing upon the issues of this case and shall not be referenced at trial.

7) Mitigation of damages -

Plaintiff first seeks to exclude evidence that he could have mitigated his damages by relocating to pursue another job offer. This Court has not been referred to any legal authority in the Tenth Circuit which bears directly on this point. Clearly, Plaintiff must make reasonable efforts to secure alternative employment and it is a jury question as to whether Plaintiff's efforts were reasonable. Trejo v. Denver & R.G.R. Co., 568 F.2d 181, 184 (10th Cir. 1977). Moreover, Defendant states Plaintiff included in his application for employment with it a statement that he was willing to locate in Oklahoma, Missouri, Kansas, and Arkansas. The jury should be presented with all of this evidence and assume the responsibility to determine whether a requirement for him to relocate away from his current home is reasonable or unreasonable. Plaintiff's request to exclude will be denied.

Also on the issue of mitigation, Plaintiff seeks the exclusion of evidence that he could transfer to another job within Defendant and that it is Defendant's burden to show any other job would be similar to the one he previously held. Since it is Defendant's position that Plaintiff can perform his prior employment as a locomotive engineer, this issue is moot at this time.

Plaintiff seeks to exclude evidence of his financial or pecuniary circumstances, including the nature of material possessions he owns and his investments. Defendant generally agrees with this position but reserves the right to explore specific issues which may or may not be encompassed by this exclusion. Plaintiff's financial circumstances are not relevant to whether a defect in the locomotive caused his injury or the level of damages he should be awarded for any such injury, should it exist.

Plaintiff next requests the exclusion of the income, benefits, or other compensation earned by Plaintiff's spouse as a collateral source. Defendant contends the evidence might be relevant on the issue of Plaintiff's motivation to return to work, or lack thereof. The evidence might be a collateral source but it also might be relevant on the issue of mitigation of damages and whether Plaintiff is malingering. McGrath v. Consolidated Rail Corp., 136 F.3d 838, 841 (1st Cir. 1998). This Court will reserve ruling on this issue until trial.

Plaintiff also seeks to exclude evidence of secondary gain, motivation or that patients involved in litigation have complaints of injury for a longer period of time than patients who are not involved in litigation, or do not return to work as quickly as they otherwise allegedly should. Defendant objects, contending Plaintiff has been cleared to work but has not returned to work. This Court agrees with Plaintiff that such generalized suggestions to the jury are inappropriate. This ruling, however, does not preclude Defendant from arguing Plaintiff should have and could have returned to work.

Plaintiff states evidence of a lack of similar incidents should not be referenced at trial. Defendant cites the case of Toth v. Grand Trunk R.R., 306 F.3d 335, 351 (6th Cir. 2002) for the proposition that if the Plaintiff's negligence was the sole cause for the injuries he sustained, the railroad's violation of the Locomotive Inspection Act could not have been the cause. This Court does not perceive as Defendant suggests that this legal eventuality makes the lack of similar incidents relevant to this question. Consequently, evidence or suggestions that the lack of similar incidents is indicative of Plaintiff's sole negligence will be excluded from trial.

Plaintiff also seeks to exclude any evidence regarding what employees are paid in cash, have taxes withheld, or any other payroll matter not involved with this litigation. Plaintiff also

7

seeks to exclude "from what supplies inventory or stock" be excluded. On the latter issue, this Court does not understand the request so it will be denied. On the former issue, this Court perceives little relevance to this case for such matters and they will be excluded, absent a further showing from Defendant at trial.

Plaintiff moves in limine to exclude any evidence regarding any prior claims of malpractice that may have been made against any physician witness. Defendant concedes this issue.

Plaintiff seeks to exclude any evidence regarding mandatory physical examinations performed at Defendant's insistence to determine if he could return to work. Based upon the fact that this Court is not certain of the circumstances surrounding any such examinations, which appear to be somewhat in dispute based upon Defendant's response. As a result, this Court will make the determination as to the propriety of this evidence at trial.

As a final issue, Plaintiff moves to exclude evidence of any previous claims, lawsuits, settlements or worker's compensation claims made by him. Generally, this Court agrees with Plaintiff's assessment that such evidence is inadmissible. Defendant contends the evidence might be relevant to "show prior or subsequent injuries that brought about those claims and suits." The existence of any prior and/or subsequent injuries can be demonstrated without referencing previous claims or lawsuits. Additionally, should the evidence be relevant to the issue of a potential setoff as

Defendant also suggests, the setoff would be made by this Court after the jury's verdict and would not require the introduction of this evidence in the process.

IT IS THEREFORE ORDERED that Plaintiff's Motions in Limine filed April 19, 2010 (Docket Entry #54) are hereby **GRANTED**, in part, in that evidence of (1) the basis for the retention of counsel; (2) the level of damages sought in the Complaint; (3) railroad retirement taxes; (4) Plaintiff's age of eligibility for retirement or the benefits he may receive upon retirement; (5) the Americans with Disabilities Act; (6) Plaintiff's ability to transfer to another job with Defendant; (7) Plaintiff's financial circumstances; (8) secondary gain; (9) lack of similar incidents; (10) what Plaintiff's employees are paid in cash, have taxes withheld, or any other payroll matter not involved in this litigation; (11) prior malpractice claims against physician witnesses; and (12) previous claims, lawsuits, settlements, or worker's compensation claims. The remainder of the requests for exclusion made by Plaintiff are hereby **DENIED**.

IT IS SO ORDERED this 13th day of May, 2010.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE