IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

ROBERT M. RILEY, JR., )
)
Plaintiff, )
)
v. ) Case No. CIV-09-155-KEW
)
UNION PACIFIC RAILROAD )
COMPANY, a corporation, )
)
Defendant. )

## OPINION AND ORDER

This matter comes before the Court on the following motions submitted by Defendant in anticipation of trial:

1) Motion in Limine Regarding Any Reference to the Railroad Industry as a "Dangerous" Industry filed April 19, 2010 (Docket Entry #56);

2) Motions in Limine filed April 19, 2010 (Docket Entry #57);

3) *Daubert* Motion Regarding Terry Cordray and Ralph Scott, Ph.D. filed April 19, 2010 (Docket Entry #58);

4) Motion in Limine Regarding Speculation About a Connection Between Vibration and Back Injury or Aggravation filed April 19, 2010 (Docket Entry #59); and

5) Motion in Limine Regarding Surveillance filed April 30, 2010 (Docket Entry #71).

Plaintiff has responded to the Motions. Each issue will be addressed in turn.

Plaintiff has conceded the following issues, thereby entitling Defendant to the exclusion of each of these matters:

1) References to the railroad industry as a "dangerous" industry.

2) References to the railroad as generally unsafe.

3) References to the financial worth of either party.

4) References to any accidents, test failures (including physicals), rule violations, discipline or other alleged Defendant misconduct assessed to any of Defendant's employees on occasions other than the incident forming the basis of this suit.

5) References to the motions in limine filed by the parties or this Court's rulings on the motions.

6) References to any damages, whether monetary, physical or mental, sustained by Plaintiff's wife or family due to his injury.

7) References to objections made by Defendant during discovery.

8) Testimony or opinions by Plaintiff's expert witnesses that are not contained in their reports or depositions.

9) References to any other defects in the railroad's premises or equipment, or unrelated potentially negligent acts of the railroad.

10) References to the amount of past medical bills or treatment costs incurred by Plaintiff.

11) References to news stories, articles and publications of any recent accidents involving Defendant.

12) Argument, testimony or other evidence that Defendant violated any statute, regulation or guideline not specifically identified by Plaintiff in response to discovery.

13) Any request or offer to enter into any stipulation in the presence of the jury.

14) Testimony with regard to medical or psychological treatments, diagnoses, prognoses or similar alleged facts unless such testimony is set forth by a competent medical expert.

While Plaintiff states he has no response to this request, he

also references the Motion to Strike Testimony of Dr. Hopkins. A ruling has already been made on that issue and will govern Dr. Hopkins' testimony at trial.

15) References to any unauthenticated medical reports directed to an attorney.

16) Evidence or argument regarding depositions or the failure of Defendant to bring witnesses live to trial that are available to either party.

17) References to evidence that Plaintiff was a "good employee" or that he received favorable reviews or letters.

18) References to Congress' intent in enacting the FELA.

19) The Supervisor's Report.

20) Utilizing the term "worker's compensation" to infer strict liability or arguments that the FELA is Plaintiff's "exclusive remedy."

   Plaintiff did not respond to this contention and is, therefore, deemed to have confessed its applicability at trial.

   Plaintiff does contest the remaining issues. The parties shall conform their evidence to the following rulings:

1) References to Plaintiff's family circumstances, including worries and other incidental aspects of financial hardship.

   Plaintiff agrees that his family members are not entitled to recover damages in this action and will not introduce evidence of financial hardship unless prompted through Defendant's showing.

   Generally, such evidence has no place in an action under the FELA/LIA. It will be excluded subject to Defendant opening the door to the admissibility of the evidence.

2) Arguments designed to inflame the jury to bring in a punitive verdict.

   Plaintiff agrees punitive damages are not appropriate under

the FELA. However, Defendant's terminology potentially subjects any argument Plaintiff or his counsel may make to the subjective standard of what might be inflaming. Defendant will be required to specifically challenge any such statement or argument at trial.

3) Speculation about a connection between vibration and back injury or aggravation.

   Defendant seeks to exclude this evidence primarily due to the testimony of Dr. Hopkins, who proposes to draw such a connection without having performed the necessary science to do so. This issue is more fully vetted in this Court's ruling on the motion to strike Dr. Hopkins' testimony previously entered in this case. This Court has not been presented with any other source for this connection at this time. As a result, Defendant's motion is well-taken.

4) References to surveillance of Plaintiff.

   Defendant requests that any references to it conducting surveillance of Plaintiff be excluded. Plaintiff states he intends to reference Defendant's surveillance to demonstrate he is honest when he claims he cannot do the things Defendant believes he can do. He also states that he "only intends to introduce into evidence the fact that Defendant conducted surveillance on Plaintiff and the results thereof."

   It is the Court's understanding that the actual video is not included on either party's exhibit list for trial. Plaintiff only intends to offer the fact surveillance occurred and that it does not show any condition or ability contrary to Plaintiff's position. None of the authority cited to the Court by either party permits evidence of surveillance of this type to be put into evidence by a plaintiff. The probative value of such evidence is outweighed by the prejudice resulting from the use of surveillance, especially when other more competent evidence concerning Plaintiff's medical condition exists in the record. Should Defendant, however, attempt to introduce evidence concerning Plaintiff's ability to perform activities encompassed by the surveillance, this Court will revisit the issue at Plaintiff's urging.

5) *Daubert* restrictions of Plaintiff's expert witnesses, Terry Cordray and Ralph Scott, Ph.D.

Defendant seeks to exclude the testimony of Terry Cordray, Plaintiff's vocational rehabilitation expert and Ralph Scott, Ph.D., Plaintiff's economist, because their testimony is dependent upon the findings of Dr. William O. Hopkins, which Plaintiff challenged by separate *Daubert* motion. Defendant is not challenging the qualifications of these expert witnesses and, in fact, Defendant's counsel stated that a hearing on this motion was unnecessary because these experts' testimony was conditioned upon Dr. Hopkins being allowed to testify.

This Court has previously ruled that Dr. Hopkins may not testify regarding the effects of the vibration of the locomotive engine upon Plaintiff's medical condition. However, Dr. Hopkins' testimony was not precluded altogether, since he was one of Plaintiff's treating physicians and could render opinions concerning his ability to perform certain activities in light of his medical condition. Accordingly, Mr. Cordray and Dr. Scott will be permitted to render their opinions with consideration of the limitations placed upon Dr. Hopkins' testimony contained in this Court's prior order.

IT IS THEREFORE ORDERED that Defendant's Motion in Limine Regarding Any Reference to the Railroad Industry as a "Dangerous" Industry filed April 19, 2010 (Docket Entry #56) is hereby **GRANTED**.

IT IS FURTHER ORDERED that Defendant's Motions in Limine filed April 19, 2010 (Docket Entry #57) is hereby **GRANTED** as to all issues as set forth herein except for the issue of "arguments designed to inflame the jury to bring in a punitive verdict," which is **DENIED** for the reasons stated.

IT IS FURTHER ORDERED that Defendant's *Daubert* Motion Regarding Terry Cordray and Ralph Scott, Ph.D. filed April 19, 2010 (Docket Entry #58) is hereby **DENIED**, subject to the limitations stated.

IT IS FURTHER ORDERED that Defendant's Motion in Limine

5

Regarding Speculation About a Connection Between Vibration and Back Injury or Aggravation filed April 19, 2010 (Docket Entry #59) is hereby **GRANTED**.

IT IS FURTHER ORDERED that Defendant's Motion in Limine Regarding Surveillance filed April 30, 2010 (Docket Entry #71) is hereby **GRANTED**.

IT IS SO ORDERED this 14th day of May, 2010.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE